IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

UNITED STATES OF AMERICA

v.

NO. 4:23-CR-078-O

CHRISTOPHER ANTWUAN GEORGE

## PLEA AGREEMENT WITH WAIVER OF APPEAL

CHRISTOPHER ANTWUAN GEORGE, the defendant, Emily LaChance, the

defendant's attorney, and the United States of America (the government) agree as

follows:

1.      **Rights of the defendant**: The defendant understands that the defendant

has the rights:

> a.      to plead not guilty;
>
> b.      to have a trial by jury;
>
> c.      to have the defendant's guilt proven beyond a reasonable doubt;
>
> d.      to confront and cross-examine witnesses and to call witnesses in the
>          defendant's defense; and
>
> e.      against compelled self-incrimination.

2.      **Waiver of rights and plea of guilty**: The defendant waives these rights

and pleads guilty to the offense alleged in Count One of the Superseding Information,

charging a violation of 21 U.S.C. §856, that is, maintaining a drug involved premises.

The defendant understands the nature and elements of the crime to which the defendant is

pleading guilty, and agrees that the factual resume the defendant has signed is true and
will be submitted as evidence.

    3.    **Sentence**:  The minimum and maximum penalties the Court can impose
include:

        a.    imprisonment for a period not to exceed twenty (20) years;

        b.    a fine not to exceed $500,000, or both a fine and imprisonment;

        c.    a term of supervised release of not more than three (3) years, which
is mandatory under the law and will follow any term of
imprisonment.  If the defendant violates the conditions of supervised
release, the defendant could be imprisoned for the entire term of
supervised release;

        d.    a mandatory special assessment of $100;

        e.    restitution to victims or to the community, which may be mandatory
under the law, and which the defendant agrees may include
restitution arising from all relevant conduct, not limited to that
arising from the offense of conviction alone;

        f.    costs of incarceration and supervision; and

        g.    forfeiture of property.

    4.    **Immigration consequences**:  The defendant recognizes that pleading
guilty may have consequences with respect to the defendant's immigration status if the
defendant is not a citizen of the United States.  Under federal law, a broad range of
crimes are removable offenses. The defendant understands this may include the offense
to which the defendant is pleading guilty, and for purposes of this plea agreement, the
defendant assumes the offense is a removable offense.  Removal and other immigration

consequences are the subject of a separate proceeding, however, and the defendant understands that no one, including the defendant's attorney or the district court, can predict to a certainty the effect of the defendant's conviction on the defendant's immigration status. The defendant nevertheless affirms that the defendant wants to plead guilty regardless of any immigration consequences that the defendant's plea of guilty may entail, even if the consequence is the defendant's automatic removal from the United States.

5.    **Court's sentencing discretion and role of the Guidelines**: The defendant understands that the sentence in this case will be imposed by the Court after consideration of the United States Sentencing Guidelines. The guidelines are not binding on the Court, but are advisory only.  The defendant has reviewed the guidelines with the defendant's attorney, but understands no one can predict with certainty the outcome of the Court's consideration of the guidelines in this case. The defendant will not be allowed to withdraw the defendant's plea if the defendant's sentence is higher than expected. The defendant fully understands that the actual sentence imposed (so long as it is within the statutory maximum) is solely in the discretion of the Court.

6.    **Mandatory special assessment**: The defendant agrees to pay to the U.S. District Clerk the amount of $100, in satisfaction of the mandatory special assessment in this case.

7.    **Defendant's agreement**: The defendant shall give complete and truthful information and/or testimony concerning the defendant's participation in the offense of conviction. Upon demand, the defendant shall submit a personal financial statement

under oath and submit to interviews by the government and the U.S. Probation Office regarding the defendant's capacity to satisfy any fines or restitution. The defendant expressly authorizes the United States Attorney's Office to immediately obtain a credit report on the defendant in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court. The defendant fully understands that any financial obligation imposed by the Court, including a restitution order and/or the implementation of a fine, is due and payable immediately. In the event the Court imposes a schedule for payment of restitution, the defendant agrees that such a schedule represents a minimum payment obligation and does not preclude the U.S. Attorney's Office from pursuing any other means by which to satisfy the defendant's full and immediately enforceable financial obligation. The defendant understands that the defendant has a continuing obligation to pay in full as soon as possible any financial obligation imposed by the Court.

8.    **Forfeiture of property**: The defendant agrees not to contest, challenge, or appeal, in any way, the administrative or judicial (civil or criminal) forfeiture to the United States of any property noted as subject to forfeiture in the indictment or superseding information, and/or any property seized or restrained in the investigation underlying the indictment or superseding information, including the forfeiture of the

   a.    $31,009.00 in U.S. Currency, seized from Leroy Jones;

   b.    $1,440.00 in U.S. Currency, seized from Leroy Jones;

   c.    2014 Chevrolet Silverado, VIN: 3GCPCREC7EG127537, seized from Leroy Jones;

Plea Agreement—Page 4

d.     Assorted Jewelry, VL: $13,650.00, seized from Leroy Jones;

e.     $3,204.00 in U.S. Currency, seized from Christopher George;

f.     a Ruger, model 57 Pistol, caliber 5.7 x 28, bearing serial number 641-
       36203;

g.     a Taurus, .357 caliber Revolver bearing serial number LP68824;

h.     a Sig Sauer, model P238, .380 caliber firearm bearing serial number
       27A075449;

i.     a Polymer, model 80, 9mm caliber pistol, bearing serial number PF940C;

j.     a Sig Sauer, model MPX, 9mm caliber firearm bearing serial number
       62E006662;

k.     a JTS Shotgun, model M12AK, 12-gauge bearing serial number
       MK2114234;

l.     a Master Piece Arms, model Defender, 9mm caliber firearm bearing serial
       number FX17896;

m.     a Charter Arms, model Bulldog Revolver, .44 caliber special bearing serial
       number 18-09569;

n.     a Smith& Wesson, model C7G Revolver, .38 caliber special bearing serial
       number 506890;

o.     a Smith& Wesson, model CSX, 9mm caliber bearing serial number
       SBD1124;

p.     a Kel-Tec, model CP33, .22LR caliber bearing serial number MEN168;

q.   an Anderson Manufacturing AR pistol multi-caliber bearing serial number
     19297331;

r.   an unknown AR Pistol bearing no Serial Number (Ghost Gun);

s.   a Inter Arms, model Sporter AK, 7.62 x39 caliber bearing serial number
     PAC1153836;

t.   an Anderson Manufacturing, model Am-15 AR Pister rifle, 7.62 x 39
     caliber bearing serial number 22032760;

u.   a Glock 19 firearm bearing serial number BGUK120; and

v.   Firearms and ammunition.

all items seized by the Drug Enforcement Administration (DEA) on January 19,
2023. The defendant agrees to both waive and withdraw any claims he filed to this
property with the DEA concerning the DEA's administrative forfeiture proceedings
against this property. The defendant agrees that this property is subject to criminal
forfeiture pursuant to 21 U.S.C. § 853(a) and civil/administrative forfeiture under 21
U.S.C. § 881(a), among other forfeiture statutes. The defendant consents to entry of any
judicial orders or administrative declarations of forfeiture, as applicable, regarding such
property and waives any requirements (including notice of forfeiture in the superseding
information) set out in 19 U.S.C. §§ 1607-1609; 18 U.S.C. §§ 981, 983, and 985; the
Code of Federal Regulations; and Rules 11 and 32.2 of the Federal Rules of Criminal
Procedure. The defendant agrees to provide truthful information and evidence necessary
for the government to forfeit such property. The defendant agrees to hold the

government, its officers, agents, and employees harmless from any claim whatsoever in connection with the seizure, forfeiture, storage, or disposal of such property.

9.     **Government's agreement**: The government will not bring any additional charges against the defendant based upon the conduct underlying and related to the defendant's plea of guilty. The government will dismiss, after sentencing, any remaining charges in the pending Indictment/Information. This agreement is limited to the United States Attorney's Office for the Northern District of Texas and does not bind any other federal, state, or local prosecuting authorities, nor does it prohibit any civil or administrative proceeding against the defendant or any property.

10.    **Violation of agreement**: The defendant understands that if the defendant violates any provision of this agreement, or if the defendant's guilty plea is vacated or withdrawn, the government will be free from any obligations of the agreement and free to prosecute the defendant for all offenses of which it has knowledge. In such event, the defendant waives any objections based upon delay in prosecution. If the plea is vacated or withdrawn for any reason other than a finding that it was involuntary, the defendant also waives objection to the use against the defendant of any information or statements the defendant has provided to the government, and any resulting leads.

11.    **Voluntary plea**: This plea of guilty is freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this plea agreement. There have been no guarantees or promises from anyone as to what sentence the Court will impose.

12.     **Waiver of right to appeal or otherwise challenge sentence**: The

defendant waives the defendant's rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. §

3742, to appeal the conviction, sentence, fine and order of restitution or forfeiture in an

amount to be determined by the district court. The defendant further waives the

defendant's right to contest the conviction, sentence, fine and order of restitution or

forfeiture in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and

28 U.S.C. § 2255. The defendant, however, reserves the rights (a) to bring a direct appeal

of (i) a sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error

at sentencing, (b) to challenge the voluntariness of the defendant's plea of guilty or this

waiver, and (c) to bring a claim of ineffective assistance of counsel.

13.     **Representation of counsel**: The defendant has thoroughly reviewed all

legal and factual aspects of this case with the defendant's attorney and is fully satisfied

with that attorney's legal representation. The defendant has received from the

defendant's attorney explanations satisfactory to the defendant concerning each

paragraph of this plea agreement, each of the defendant's rights affected by this

agreement, and the alternatives available to the defendant other than entering into this

agreement. Because the defendant concedes that the defendant is guilty, and after

conferring with the defendant's attorney, the defendant has concluded that it is in the

defendant's best interest to enter into this plea agreement and all its terms, rather than to

proceed to trial in this case.

14.     **Entirety of agreement**: This document is a complete statement of the

parties' agreement and may not be modified unless the modification is in writing and

signed by all parties. This agreement supersedes any and all other promises, representations, understandings, and agreements that are or were made between the parties at any time before the guilty plea is entered in court. No promises or representations have been made by the United States except as set forth in writing in this plea agreement.

(Continued on the next page)

AGREED TO AND SIGNED this 0th day of _May_, 2023.

LEIGHA SIMONTON
UNITED STATES ATTORNEY

LAURA G. MONTES
Assistant United States Attorney
Massachusetts State Bar No. 687739
801 Cherry Street, Suite 1700
Fort Worth, Texas 76102
Telephone:   817.252.5200
Facsimile:   817.252.5455
Laura.montes@usdoj.gov

ALEX LEWIS
Deputy Criminal Chief

I have read or had read to me this plea agreement and have carefully reviewed every part of it with my attorney. I fully understand it and voluntarily agree to it.

Chris George                5/8/23
CHRISTOPHER ANTWUAN GEORGE            Date
Defendant

I am the defendant's attorney. I have carefully reviewed every part of this plea agreement with the defendant. To my knowledge and belief, my client's decision to enter into this plea agreement is an informed and voluntary one.

EMILY LACHANCE            5/8/23
Attorney for Defendant        Date